UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES TURNER, ET AL.,

    Plaintiffs,                                   No. 14-14036

v.                                           District Judge Marianne O. Battani
                                                Magistrate Judge R. Steven Whalen

CITY OF DETROIT,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiffs Charles Turner, Reuben Bryant, Timothy Davis, and Tyesha Brown filed their complaint under 42 U.S.C. § 1983 against Defendant City of Detroit. On November 13, 2019, Plaintiffs' counsel filed a Suggestion of Death, indicating that Mr. Turner died on February 13, 2019 [ECF No. 42, PageID.932-933]. Before the Court is Plaintiffs' unopposed Corrected Motion to Dismiss Motion to Dismiss Mr. Turner [ECF No. 48], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED.

**I.    FACTS**

Pursuant to Fed.R.Civ.P. 25, Plaintiffs filed a Suggestion of Death as to Mr. Turner on November 13, 2019. On March 12, 2020, Plaintiffs filed a Revised Suggestion of Death, indicating that "[a]s decedent's brother and next of kin, Steven Samuel Turner is Charles Turners' successor in interest." [ECF No. 52, PageID.965].

In this motion, counsel for Plaintiffs states that after he learned of Mr. Turner's death, he spoke with Steven Samuel Turner, the brother, and that Steven Turner initially

expressed an intention to serve as personal representative of his brother's estate.[1] In December of 2019, counsel again spoke with Steven Turner, who now expressed reluctance to open an estate. Since then, despite counsel's attempts to contact Steven Turner by telephone, email, text messages, and letters, counsel has been unable to contact Steven Turner. In the meantime, Defendant City of Detroit, as well as the Detroit City Council, have approved a settlement of this case. Defendant does not oppose the motion to dismiss Charles Turner.

On March 13, 2020, Magistrate Judge Michael Hluchaniuk, to whom this case was originally assigned, entered a bench order providing as follows:

> "At the hearing on Plaintiffs' Corrected Motion to Dismiss (ECF No. 48) it was determined that the motion could not be granted at this time because the Suggestion of Death had not been served on decedent[']s successor or representative as required by Rule 25(a)(1). Accordingly, counsel for decedent Charles Turner is directed to serve Steven Turner, the brother of Charles Turner and putative successor of Charles Turner, with a copy of the Suggestion of Death, consistent with the requirements of Rule 4, and file a proof of service reflecting the manner and place of service. The Corrected Motion to Dismiss is held in abeyance and will be rescheduled for hearing approximately 90 days following service as indicated above."

On April 6, 2020, Plaintiffs' counsel filed a proof of service showing that Steven Turner was served with the Suggestion of Death on March 18, 2020 [ECF No. 54, PageID.970-971]. More than 90 days have passed since service.[2]

---

[1] This Court cannot appoint a personal representative. That appointment must be made by the Wayne County Probate Court on application by the next of kin or the person designated as personal representative in a will.

[2] This motion was reassigned to me on May 29, 2020 [ECF No. 55]. I have determined that it is appropriate to issue this Report and Recommendation without the necessity of oral hearing. E.D. Mich. L.R. 7.1(f)(2).

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 25(a)(1) provides as follows:

(a) Death.

(1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

## III. DISCUSSION

Rule 25(a) provides that "[a] motion for substitution may be made by any party or by the decedent's successor or representative." In this case, this Court has determined that Steven Turner is the "brother of Charles Turner and putative successor of Charles Turner." It is clear that for this reason, the Court directed service of the Suggestion of Death on Steven Turner under Rule 25(a). However, Steven Turner has apparently chosen to not open an estate, and has cut off communication with Plaintiffs' counsel. More importantly, more than 90 days have elapsed since Steven Turner was served, yet, no motion for substitution of party has been filed. Therefore, Rule 25(a)(1) mandates dismissal.

## IV. CONCLUSION

I recommend that Plaintiffs' unopposed Corrected Motion to Dismiss Motion to Dismiss Mr. Turner [ECF No. 48] be GRANTED, and that Charles Turner be dismissed as a Plaintiff.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,*

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        s/R. Steven Whalen
        R. STEVEN WHALEN
        United States Magistrate Judge

Dated: June 30, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 30, 2020 electronically and/or by U.S. mail.

        s/Carolyn M. Ciesla
        Case Manager